**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANTHONY WAYNE REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:16-cv-00281-TWP-DKL |
| | ) |
| OFFICER BLAKE LYTLE, MARK PARIS, | ) |
| CHAPMAN MIKE[1], OFFICER MICHAEL J. | ) |
| SADLER, BRIAN MILLER, and CITY OF | ) |
| CARMEL, | ) |
| | ) |
| Defendants. | ) |

**<ins>ENTRY ON DEFENDANTS' MOTION TO DISMISS AND ORDER TO REMAND</ins>**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6) for failure to state a claim (Filing No. 7).  Plaintiff Anthony Wayne

Reed ("Reed"), an Indiana prisoner, filed this civil rights action against Defendants Officer Blake

Lytle ("Lytle"), Mark Paris ("Paris"), Mike Chapman ("Chapman"), Officer Michael J. Sadler

("Sadler"), Brian Miller ("Miller") and the City of Carmel (hereafter, Lytle, Paris, Sadler, and the

City of Carmel are collectively referred to as "City of Carmel Defendants").  On February 2, 2016,

this action was removed from the Hamilton Superior Court, Hamilton County, Indiana, to federal

court.  On March 8, 2016, this Court screened the complaint and found that Fourth and Fourteenth

Amendment claims brought pursuant to 42 U.S.C. § 1983 could proceed against the individual

defendants and state law claims could proceed against all defendants.  (Filing No. 9.)

The same day the Court issued its screening order pursuant to 28 U.S.C. § 1915A, Lytle,

Paris and the City of Carmel, filed a motions to dismiss.  (Filing No. 7.)  Shortly thereafter, Sadler

---

[1] Although this defendant is titled Chapman Mike in the caption, in the Complaint and throughout both parties briefing he is referred to as Mike Chapman. Therefore, in this entry, the Court refers to this defendant as Mike Chapman.

joined in the Motion to Dismiss.  (Filing No. 15.)  Reed opposed the motions.  (Filing No. 29.)
For the reasons explained below, the City of Carmel Defendants' Motions to Dismiss are **granted
as to the federal claims** and **denied as to the state law claims**.  The **state law claims are
remanded** to the Hamilton Superior Court for consideration.

## I.  <u>STANDARD OF REVIEW</u>

In evaluating the sufficiency of the complaint, the court considers the complaint in the light
most favorable to the nonmoving party, accepting well-pleaded facts as true, and drawing all
inferences in the nonmoving party's favor.  *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir.
2016).  Although a party need not plead "detailed factual allegations" to survive a motion to
dismiss, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of
action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "[t]o
survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,
to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(*quoting Twombly*, 550 U.S. at 570); *quoted by Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d
285, 289–90 (7th Cir. 2016).

## II.  <u>THE COMPLAINT</u>

Reed brought this civil action pursuant to 42 U.S.C. § 1983.  He alleges that on December
29, 2013, Lytle, a Carmel Police Officer, seized and placed a forfeiture hold on his vehicle, a black
2000 Cadillac DTS.  This seizure followed Reed's arrest for driving while suspended, never having
received a license, burglary and theft charges.

On April 16, 2015, Reed entered into a Plea Agreement with the State of Indiana and the
charges associated with the seizure of his vehicle were dismissed.  Reed's Sentencing Order,

signed by a judge from the Hamilton Superior Court, and filed on April 17, 2015 (the "Court Order"), states the following:

> Further, the Noblesville Police Department is directed to release the following seized items to the Defendant's brother, Scott A. Reed (5045 East 17th Street, Indianapolis, Indiana): GPS unit, subwoofer speaker, AMP, 3 bags of various tools, floor jack, gas can, jumper cables, iPod, Samsung phone, Samsung remote control, wallet and cash found therein, the money seized from Mr. Reed's pockets, and Defendant's vehicle.

Filing No. 1-1 at p. 39.

On April 18, 2015, Reed's brother presented the Court Order to Chapman, at Miller's Towing Yard Company ("Miller's Towing") and attempted to retrieve Reed's vehicle and all items that were left in the vehicle at the time of the seizure.  Reed's brother was informed by Chapman, the acting spokesperson for Miller's Towing, that a $1,500.00 lien was placed on the vehicle for towing and storage and that the vehicle would not be released until the fee was paid.[2]

Reed alleges that Lytle is responsible for any and all towing and storage fees incurred from the seizure of his vehicle.  He asserts that Lytle's failure to pay the towing and storage fees generated as a result of his actions violates Reed's Fourth and Fourteenth Amendment rights.

Reed alleges that investigating officers Paris and Sadler are responsible for allowing a forfeiture or evidence hold, when no forfeiture proceedings were ever filed against his vehicle.  He contends Paris and Sadler should have retrieved the vehicle from Miller's Towing and released the vehicle to his brother as directed in the April 17, 2015, Court Order.

---

[2] This fee is consistent with Indiana Code Section 32-33-10-5(a), which states in relevant part that a person engaged in towing and storage of motor vehicles has a lien on any motor vehicle towed or stored for the reasonable charges for the towing and storage. "The costs of storing a motor vehicle may not exceed one thousand five hundred dollars ($1,500.00)." Ind. Code § 32-33-10-5(b).

Chapman and Miller of Miller's Towing are allegedly responsible for the towing of Reed's vehicle and for informing his brother that there was a towing and storage fee of $1,500.00 to retrieve Reed's vehicle.  Reed contends that Chapman's refusal to release the vehicle after being presented with the Court Order violated his Fourth and Fourteenth Amendment rights.

There are no factual allegations against the City of Carmel.

Reed seeks a declaratory judgment stating that Lytle is responsible for the towing fees and that Lytle, Paris, and Sadler are responsible for storage fees resulting from the forfeiture and evidence hold.  Reed seeks the immediate return of his vehicle and all personal property therein or $6,869.60, along with additional money damages.

### III.  DISCUSSION

The City of Carmel Defendants raise six arguments in their motion to dismiss.  The arguments targeting the federal claims are discussed below.

### A.    Statute of Limitations

The City of Carmel Defendants argue that Reed's claims are time barred because his vehicle was seized on December 29, 2013, and the Complaint was not filed until January 4, 2016. This argument must be rejected because it fails to take into account the prisoner mailbox rule. Reed affirms under penalties of perjury that he placed his Complaint in the mail on December 11, 2015.  (Filing No. 1-1 at p. 27.)  The motion to dismiss based on the statute of limitations is **denied.**

### B.    City of Carmel

Next, the City of Carmel asserts that it must be dismissed because Reed's Complaint is void of any allegation against the City of Carmel.  A governmental entity may be liable under § 1983 only if the entity caused the constitutional deprivation through a policy statement, ordinance,

regulation or decision officially adopted and promulgated by the entity's officers. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). There is no allegation that the City of Carmel maintained an express policy which caused any constitutional deprivation, that a defendant with final policymaking authority personally caused a constitutional deprivation, or that an unconstitutional policy based upon a long-settled custom and practice caused the alleged deprivation.

Consistent with this Court's screening order, this Court agrees with the City of Carmel's assessment that no claim pursuant to § 1983 has been alleged against the City. To the extent the Complaint could be understood to allege that the City of Carmel is liable based on its employees' refusal to comply with a state court order, that claim is based on state law and shall not be dismissed at this time but shall be remanded to state court.[3]

## C.   <u>Claims alleging Fourth and Fourteenth Amendment Violations</u>

The remaining City of Carmel Defendants argue that Reed's rights under the United States Constitution were not violated. They presume that Reed intended to allege a Fourth Amendment claim incorporated to the State through the Fourth Amendment and assert that no separate Fourteenth Amendment due process claim has been alleged. In response, Reed argues that he was denied due process when the City of Carmel Defendants failed to pay all fees and release his vehicle and its contents as directed by the Court Order and instead sold his car. ([Filing No. 29 at]

---

[3] The Defendants argue that any tort claim would be subject to the notice requirements of the Indiana Tort Claims Act ("ITCA"). Indiana Code section 34-13-3-8 provides, in pertinent part: "[A] claim against a political subdivision is barred unless notice is filed with (1) the governing body of that political subdivision and (2) the Indiana political subdivision risk management commission created under IC 27-1-29 within one hundred eighty (180) days after the loss occurs." The Defendants argue that the loss occurred when Reed's vehicle was seized on December 29, 2013. The complaint, however, could reasonably be understood to allege that the loss occurred when his agent was not able to retrieve the vehicle or its contents without paying the $1,500.00 lien on April 18, 2015. If the loss date is understood to be April 18, 2015, then the Tort Claim Notice was allegedly timely served within 180 days on August 7, 2015. This issue is better left to the state court to decide.

5

p. 18.) He alleges that these facts constitute a substantive-due-process challenge. For the reasons explained below, the Complaint fails to state a constitutional claim upon which relief could be granted.

**1.    Fourth Amendment**

The City of Carmel Defendants are correct that there is no factual basis which plausibly suggests that the initial seizure of Reed's vehicle was unreasonable or improper. Instead, Reed appears to be alleging a violation of his rights based upon a theory of failure to return/pay the towing and storage fees associated with the seizure.

In *Lee v. City of Chicago,* 330 F.3d 456 (7th Cir. 2003), the Seventh Circuit considered a similar claim and held that:

> [c]onditioning a car's release upon payment of towing and storage fees does not equate to a 'seizure' within the meaning of the Fourth Amendment. And because Lee has failed to show that traditional state-law remedies cannot provide him with adequate avenues for relief, he cannot make a claim that this practice violates his substantive-due-process rights.

*Id.* at 471. The Court of Appeals held that the Fourth Amendment cannot be invoked by the dispossessed owner of a vehicle to regain his property. That is because the "car was seized when it was impounded. . . . Conditioning the car's release upon payment of towing and storage fees after the search was completed neither continued the initial seizure nor began another." *Lee*, 330 F.3d at 466. As in *Lee,* Reed's claim concerns the fairness and integrity of the criminal justice process and issues of state and local law. It does not, however, state a claim of an unlawful intrusion into the constitutionally protected areas of the Fourth Amendment. *Id.* 465-66. Thus, Reed cannot state a claim under the Fourth Amendment for the unreasonable retention of his

vehicle and all Fourth Amendment claims against all of the individual Defendants (including Brian Miller and Mike Chapman) are **dismissed.**

### 2.    Fourteenth Amendment Substantive-Due-Process Claim

Reed's Complaint, construed liberally, also alleges a substantive-due-process challenge under the Fourteenth Amendment.  Unfortunately for Reed, he is not entitled to relief under this theory.

The scope of substantive due process is limited.  The Seventh Circuit explained in *Lee*,

> [S]ubstantive due process is not "a blanket protection against unjustifiable interferences with property."  *Schroeder v. City of Chicago,* 927 F.2d 957, 961 (7th Cir. 1991).  Unless a governmental practice encroaches on a fundamental right, substantive due process requires only that the practice be rationally related to a legitimate government interest, or alternatively phrased, that the practice be neither arbitrary nor irrational. . . .  And when a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show "either the inadequacy of state law remedies or an independent constitutional violation" before the court will even engage in this deferential rational-basis review. *Doherty v. City of Chicago,* 75 F.3d 318, 323–26 (7th Cir. 1996); *see also Wudtke v. Davel,* 128 F.3d 1057, 1062 (7th Cir. 1997) ("[I]n cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that available state remedies are inadequate, the plaintiff has not stated a substantive due process claim.").

*Lee*, 330 F.3d at 467 (internal quotations and citation omitted).  Like the plaintiff in *Lee*, Reed's claim does not implicate a fundamental right and involves only the deprivation of a property interest.  Thus, Reed must show as an initial matter either that state-law remedies are inadequate or that an independent constitutional right has been violated.  Reed cannot make either showing in this case.  He cannot state a claim under the Fourth Amendment and he has alleged state-law tort claims.  Accordingly, Reed has not stated a substantive-due-process claim against any of the Defendants.   All Fourteenth Amendment substantive-due-process claims against all of the individual Defendants (including Brian Miller and Mike Chapman) are **dismissed.**

**D.**     **Qualified Immunity**

Although the parties also argue about whether the individual Defendants are entitled to qualified immunity, these arguments are unnecessary because there was no constitutional violation and therefore a qualified immunity defense is irrelevant. *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1057–58 (7th Cir. 2011).

**E.**     **Remand**

For the reasons explained above, the federal claims alleged in this action are dismissed. However, state law claims remain. For example, Reed asserts that the Defendants are liable to him for failing to comply with Hamilton County Circuit Court Judge Paul A. Felix's order on April 16, 2015, for violating Indiana Code (i.e., Ind. Code § 35-33-5-5), and for violating Section 12 of Article 1 of the Indiana Constitution.[4]

The Seventh Circuit has stated consistently that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654

---

[4] Section 12 provides in relevant part: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." *See Kho v. Pennington*, 875 N.E.2d 208, 216 (Ind. 2007) (discussing Section 12).

(7th Cir. 2008) (quoting *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

The usual practice shall be followed in this instance.  Substantial judicial resources have not been expended on these claims and it is not clear how the pendent claims will be decided.  The pendent state-law claims should be decided in state court because the outcome will be based on the interpretation of a state court order and Indiana law.  *See Northwest Towing & Recovery v. State*, 919 N.E. 2d 601 (Ind. Ct. Appeals 2010) (finding that the trial court properly ordered the owner of the vehicle involved in a traffic accident (while driven by another person) to pay Northwest's storage fees in the amount of $1,500.00).  These claims shall be remanded to the court from which they were removed such that the statute of limitations will not be a barrier.

## IV.  CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  For the reasons stated above, the City of Carmel Defendants' Motion to Dismiss (Filing No. 7) is **GRANTED in part and DENIED in part.**  The Motion is **granted** to the extent that all federal claims are **dismissed**.  This ruling applies to all parties.  The Motion is **denied** to the extent that the **state law claims shall be REMANDED** to the Hamilton Superior Court, Case No. 29D02-1601-CT-0043, for consideration.

Final judgment dismissing the federal claims and an Order of Remand consistent with this Entry shall issue in separate orders.

**SO ORDERED.**

Date: 3/13/2017

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:

ANTHONY WAYNE REED
930206
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124

All Electronically Registered Counsel